## MARY A. SUTHERLAND V. A. S. NUNN.

[Abstract Kentucky Law Reporter, Vol. 7—753.]

**Assignment of Dower Interest.**

Where a woman owning a dower interest leases it for life to another for $50 per annum, and the lessee transfers it to another, who does not assume to pay the annual charges but takes possession, he becomes liable to pay the value of the annual dower interest, and the woman owning it may recover it and have the dower interest sold to pay the rental.

### APPEAL FROM HENDERSON CIRCUIT COURT.

April 24, 1886.

OPINION BY JUDGE LEWIS:

Appellee, Nunn, does not deny that in 1867 appellant leased to H. P. Randolph her dower interest in the land for the term of her natural life for $50 per annum and delivered to him the possession January 1, 1868. Nor does he deny that in 1875 Randolph transferred to him said lease, and that he took possession under it. He does, however, deny her allegation that he agreed to pay her the annual rent of $50 beginning with 1876. He as a further defense says that in a suit of himself against the Randolph brothers, which was consolidated with other suits, to all of which appellant was a party, a judgment was rendered in 1867 for a sale of the land in the controversy and he became the purchaser without any reservation or reference to dower. But we are unable to see how that obligation can avail him.

The actions mentioned were referred to by appellee as parts of his answer, but are not shown to have ever been filed as a part of this action, or used as evidence on the trial, and therefore, though forming part of the transcript, can not, appellee's counsel objecting, be considered on this appeal. Nor is it necessary for a determination of the rights of the parties that they should be.

It is not stated in terms in appellee's answer, nor can it be

inferred from what he does allege, that appellant's dower right in the land was in the action mentioned disputed or even litigated. Appellee does not state, nor does it otherwise appear that by reason of any proceeding had in these actions he was deprived of or even disturbed in the possession or enjoyment of the dower land, which he acquired in 1875, by the transfer of the lease to him before his purchase under the judgment, and he must be regarded as still holding by virtue of that lease. Why,. then, should he not be held liable for the rent of the dower interest, if not at the stipulated rate of $50 per year, at what may be a reasonable price, which appellant states in her answer to be $100 per year.

Appellant prays in her petition for a judgment for $100 rent for the years 1867 and 1877, or a restoration of the land and damages and for all other proper relief. It seems to us that as the record stands she is entitled to recover the $100 and interest, and to have her dower interest in the land subjected and sold to pay it. The court erred in dismissing her petition.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*H. F. Turner, for appellant.*

*Yeaman & Lockett, for appellee.*